UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA KINKER,

    Plaintiff,

v.                                          Case No: 8:23-cv-87-CEH-SPF

AMERICAN RELIABLE
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

This matter comes before the Court on Defendant American Reliable Insurance Company's Response (Doc. 7) to the Court's Order to Show Cause, dated January 17, 2023 (Doc. 6). In its Order, the Court directed Defendant to show cause as to why the action should not be remanded to state court for lack of subject matter jurisdiction. *Id.* The Court questioned whether the Notice of Removal and attached exhibits demonstrated that the amount in controversy exceeded the jurisdictional threshold. *Id.* Defendant now responds and asks the Court to continue exercising jurisdiction over this action. Doc. 9. Defendant's efforts to establish that the amount in controversy is satisfied fall short. Therefore, the Court will remand this action.

### LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seabord Coast Line R.R. Co.*, 678

F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *Id.* § 1332(a)(1). It is the burden of the party seeking federal jurisdiction to establish that diversity exists by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not . . . questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.*

A district court must remand an action if, at any time before final judgment, "it appears the court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Since removal

"raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

## DISCUSSION

Defendant asserts that the amount in controversy exceeds the statutory threshold because Plaintiff made an "opening settlement demand" of $80,000, in an email to defense counsel and in her Civil Remedy Notice. Doc. 7 at 1-2. The Court's Order to Show Cause noted that neither document provided details from which it could infer that this settlement demand was a fair claim reflecting Plaintiff's damages rather than mere puffing and posturing, particularly where the state court complaint expressly stated that she sought damages of less than $30,000. Doc. 6 at 3-4.

Defendant's response does not provide any additional evidence or information. Instead, Defendant contends, in essence, that the settlement demand is inherently reliable merely because it was filed after the action was filed, instead of before. Doc. 7 at 3-6. But the cases on which Defendant relies do not stand for that proposition. Whether a demand letter is filed pre- or post-suit, it must contain sufficient indications of reliability to demonstrate that it is more than "mere puffery." In *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 3:10-CV-615-TJC-JRK, 2010 WL 6790539, *2 (M.D. Fla. Nov. 5, 2010), the court found that a pre-suit demand letter did not establish the amount in controversy where plaintiff merely asked defendant to pay the limit of her insurance policy, but "fail[ed] to explain how [she] arrived at her damages calculation, and the

documents included…d[id] not indicate the exact nature of her medical needs or detail specific medical expenses that would support [her] claim." This demand "reflect[ed] mere posturing rather than a reasonable assessment of the value of her claim." *Id.* On the other hand, a second demand letter, filed post-suit, "contain[ed] additional documentation of her injuries and expenses," and therefore established the jurisdictional threshold. *Id.* at *3; *see also Stauffer v. Indian Harbor Ins. Co.*, 8:22-CV-1656-JSM-SPF, 2022 WL 3572413, *1-2 (M.D. Fla. Aug. 19, 2022) (Moody, J.) (post-suit demand letter adequately established the amount in controversy where it contained a specific allegation of plaintiff's contractual damages and the attorney's fees she had incurred to date, which combined to exceed $75,000). These cases do not state that any post-suit demand letter will suffice.[1]

---

[1] Similarly, Defendant's attempt to distinguish *Bien-Amie v. Brookdale Senior Living Inc.*, 8:21-cv-2446-VMC-AEP, 2021 WL 5028238, *2 (M.D. Fla. Oct. 29, 2021), is unavailing. Contrary to Defendant's claim that *Bien-Amie* was remanded "because" the only evidence was a pre-suit demand, Doc. 7 at 6, the decision does not differentiate between pre- and post-suit demands. Instead, the court found that an email exchange in which the plaintiff's counsel made an $80,000 settlement offer was

> insufficient to establish that the amount in controversy exceeds $75,000 because settlement offers do not automatically establish the amount in controversy. Rather, courts evaluate whether demand letters reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages. Here, Bien-Amie flatly makes a settlement offer of $80,000 without providing any specific information as to how that amount was calculated. Therefore, the settlement offer appears to be mere puffery or a negotiation tactic, rather than a true approximation of damages.

*Bien-Amie*, 2021 WL 5028238 at *2 (citations and quotations omitted). Here, too, the settlement offer fails to provide any specific information as to how the figure of $80,000 was calculated.

Further, Defendant's reliance on cases finding that a court *may* consider and rely on post-suit demand letters when determining the amount in controversy is unavailing. The cases that have differentiated between pre- and post-suit demand letters have done so with respect to whether the letter is considered an "other paper," as referred to in 28 U.S.C. § 1446(b)(3). In general, defendants are required to remove an action within 30 days of service. 28 U.S.C. § 1446(b)(1). Section 1446(b)(3) provides that if the initial pleading does not demonstrate that the action is removable, however, the defendant may remove the action within 30 days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Courts have therefore considered the distinction between pre- and post-suit demand letters when determining whether they are "other papers" for the purpose of considering whether an action was timely removed. *See United Prop. & Cas. Ins. Co. v. A & E Factory, LLC*, 6:14-CV-1987-CEM-TBS, 2015 WL 328223, *2 (M.D. Fla. Jan. 26, 2015); *Martin v. Mentor*, 142 F.Supp.2d 1346, 1349 (M.D. Fla. 2001); *see also Depina v. Iron Mountain Info. Mgmt., Inc.*, 3:05-CV-219-J-HLA-MMH, 2005 WL 1319231, *1 (M.D. Fla. June 1, 2005).

Timeliness of removal is not at issue here. The Court has considered the post-suit demand letter, but has found that it fails to provide adequate details to establish that it is a "reasonable assessment of the value of [Plaintiff's] claim." *Lamb*, 2010 WL 6790539 at *2; *see also Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1364 (M.D. Fla. 1998) ("Here, Defendant properly used Plaintiff's settlement demand as notice that his case could be removed to federal court. However, Defendant has not

persuaded this Court that Plaintiff's settlement demand was an honest assessment of damages.").

Defendant cites to Plaintiff's request for attorney's fees to try to make up the large gap between the state court complaint, which alleged damages of *less than* $30,0000, and Plaintiff's "opening" settlement demand of $80,000 including fees. Doc. 7 at 5. The Court agrees that it may consider a reasonable amount of attorney's fees for the purpose of the amount in controversy, because the statute under which Plaintiff seeks relief authorizes their recovery. *See Morrison v. Allstate Indemn. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000), citing Fla. Stat. § 627.428. However, "[c]ourts have also refused to consider attorney's fees as part of the amount in controversy where the removing defendant fails to provide a calculation of those fees or information necessary to calculate those accrued fees at the time of removal." *Kruse v. Sam's West, Inc.*, 8:20-cv-2305-CEH-JSS, 2021 WL 2632436, *7 (M.D. Fla. June 25, 2021) (Honeywell, J.) (citations omitted). The Court is not permitted to divine the amount in controversy, including the amount of attorney's fees, through speculation or conjecture. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Neither Plaintiff nor Defendant has provided any basis from which the Court can calculate a reasonable amount of attorney's fees. The Court declines to speculate that the fees will exceed the $50,000 needed to bridge the gap between the claimed damages and the unsupported settlement offer. *See Kruse*, 2021 WL 2632436 at *7; *Scott v. Walmart*, 528 F.Supp.3d 1267, 1278 (M.D. Fla. 2021) (Mizelle, J.) (both remanding where the amount in controversy was not established by speculative attorney's fees).

Defendant's Response to the Court's Order to Show Cause has not alleviated the Court's doubts regarding its subject-matter jurisdiction.  As all doubts must be resolved in favor of remand, *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999), the Court therefore remands this action.

Accordingly, it is **ORDERED**:

1. This action is **REMANDED** to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2. The Clerk is directed to send a certified copy of this order to the Clerk of Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. The Clerk is further directed to terminate all pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on February 16, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

7